NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TAYLOR, | Civil Action No.: 02-812 (CCC) |
| Plaintiff, | |
| v. | **OPINION & ORDER** |
| UNION COUNTY CORRECTIONAL FACILITY, | |
| Defendant. | |

**CECCHI, District Judge.**

This matter comes before the Court upon the Motion of Plaintiff Michael Taylor ("Plaintiff") to void this Court's Order dismissing this case for failure to prosecute, filed on June 17, 2013 ("Pl.'s Mot.," ECF No. 22). Pursuant to Fed. R. Civ. P. 78 no oral argument was heard. Upon consideration of the submissions, Plaintiff's motion is **GRANTED**.

This case was originally transferred to this District from the Eastern District of New York in February 2002. (ECF No. 1). On September 26, 2005, then-District Judge Greenaway dismissed this case pursuant to Local Civil Rule 41.1 for failure to prosecute. (ECF No. 17). Nearly eight years later, Plaintiff filed a Motion for Entry of Default on April 5, 2013. (ECF No. 20). On April 11, 2013, Judge Cavanaugh denied Plaintiff's motion because Judge Greenaway had already dismissed the case. (ECF No. 21). Plaintiff now moves this Court for an Order voiding the original Order dismissing his case for lack of prosecution, pursuant to Fed. R. Civ. P. 60(b)(4).[1]

---

[1] Although not discussed in Plaintiff's papers, the Court notes that the significant time delay does not prevent resolution of the instant motion. Unlike the other subsections of Rule 60(b), Rule 60(b)(4) is not subject to a general one year time bar, and the Third Circuit has held that there is no requirement that a Rule 60(b)(4) motion be made

Under Rule 60(b)(4), a judgment may only be declared void if the rendering court lacked jurisdiction over the matter or if it acted in a manner inconsistent with due process of law. See Constr. Drilling, Inc. v. Chusid, 131 F. App'x 366, 372 (3d Cir. 2005); In re Diet Drugs Prod. Liab. Litig., 434 F. Supp. 2d 323, 333 (E.D. Pa. 2006). This Court has jurisdiction pursuant to 28 U.S.C. § 1331. Plaintiff does not contest the jurisdiction of this Court. See Pl. Mot. At 4. Thus, Plaintiff's motion may only be granted if his case was dismissed without proper due process.

Plaintiff asserts that his due process rights were violated because he never received adequate notice that his case was going to be dismissed for failure to prosecute. He alleges that his transfer to federal custody on June 29, 2005 and subsequent movements led to his failure to receive notice of his pending dismissal from this Court. (Pl. Mot. at 2). Plaintiff's allegation is bolstered by the fact that this Court's Notice of Call for Dismissal pursuant to Rule 41.1 was returned as undeliverable. (ECF No. 15).

The Third Circuit has held that a prisoner's due process rights may be denied due to inadequate notice even when delivery to him in prison has been attempted, and that this may render a judgment void. See One Toshiba, 213 F.3d 147 (finding a denial of due process for failure to properly notify a prisoner in the context of a forfeiture proceeding). The One Toshiba Court held that when a prisoner is incarcerated by the government, additional measures may need to be taken because the government has a heightened ability to locate a prisoner. Conversely, a prisoner, though not excused from his duty to apprise the Court of any changes to his address, has no control over the timing and location of his address changes, and may be stymied based on the policies of the individual institution. Id. at 154-55. Prisoners proceeding *pro se* are given substantial leniency

---

"within a reasonable time." See Gordon v. Monoson, 239 F. App'x 710, 713 (3d Cir. 2007) (citing United States v. One Toshiba Color Television, 213 F.3d 147, 157-58 (3d Cir. 2000).

2

on the issue of keeping the Court apprised of their current address. See Sacco v. Matter, 154 F.R.D. 35, 36 (N.D.N.Y. 1994) (vacating a dismissal for failure to prosecute in the context of Fed. R. Civ. P. 60(b)(1) and finding Plaintiff's neglect of his responsibility to update his address to be excusable). Thus, when a dismissal for failure to prosecute is entered absent proper notice, that judgment is void and cannot stand. See One Toshiba, 213 F.3d at 156.[2]

Here, Plaintiff states that he was unaware of his impending transfer to federal custody in June 2005, and thus had no opportunity to inform the Court of either an expected address change or his new address, which led to his failure to receive the Rule 41.1 notice. The docket shows no additional effort to locate and properly notify the Plaintiff of the impending dismissal. Therefore, the Court finds that Plaintiff was not given proper notice of the dismissal of his case for failure to prosecute, and that the September 26, 2005 judgment of this Court must be declared void pursuant to Fed. R. Civ. P. 60(b)(4).

**ACCORDINGLY, IT IS** on this **28th** day of **March, 2014,**

**ORDERED** that Plaintiff's Motion to void this Court's Order dismissing this case for failure to prosecute is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall reopen this matter; and it is further

**ORDERED** that the Clerk shall issue a new summons on behalf of the Plaintiff and send him a USM-285 form; and it is further

**ORDERED** that the United States Marshal shall serve the summons and copies of the Complaint and this Order upon Defendants after receipt of a properly completed USM-285 form,

---

[2] Although One Toshiba was decided in the context of a default judgment, a default judgment is the "mirror image" of a dismissal of a suit for failure to prosecute, and thus is decided by the same standards. See Phillips Medical Systems Intern. B.V. v. Bruetman, 8 F.3d 600, 602 (7th Cir. 1993).

with all costs of service advanced by the United States; and it is further

**ORDERED** that the Clerk of the Court shall incorporate the Complaint and original summons from the Eastern District of New York, Docket Nos. 1 and 3 from the original docket of this case in the Eastern District of New York (Case No. 02-811); and it is further

**ORDERED** that Defendant is directed to answer the Complaint.

_____
**CLAIRE C. CECCHI, U.S.D.J.**

4