**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL TAYLOR, | : | |
| | : | Civil Action No. 02-0812 (CCC) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| UNION COUNTY CORRECTIONAL FACILITY, | : | |
| | : | |
| Defendant. | : | |

This matter having come before the Court on the Complaint of Michael Taylor ("Plaintiff") pursuant to 42 U.S.C. § 1983, asserting that Defendant has violated his constitutional rights. Plaintiff is proceeding *pro se*, and was a prisoner at the time the Complaint was filed. Presently before the Court is Defendant Union County Correctional Facility's ("Defendant's") Motion to Dismiss. Furthermore, the Court has authority to screen the Complaint under 28 U.S.C. § 1915A, to determine if the Complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Also before the Court are Plaintiff's motion to amend the Complaint, application for access to the law library, and a certain "omnibus" motion. For the reasons stated below, the Court dismisses the Complaint, denies the Motion to Dismiss as moot, grants Plaintiff's motion to amend, and denies all other motions.

## I.    FACTUAL BACKGROUND

This case, filed more than 13 years ago, unsurprisingly has a long and complicated procedural history. The Complaint, asserting claims related to the conditions of Plaintiff's

confinement at the Union County Correctional Facility, was originally filed in the Eastern District of New York, and was transferred to this Court on February 25, 2002. (ECF No. 1) Plaintiff then filed a motion for default judgment, (ECF No. 3), which the Court denied. (ECF No. 4.) Plaintiff elected to appeal the decision denying default judgment, (ECF No. 5), which was ultimately dismissed by the Third Circuit for lack of appellate jurisdiction on May 19, 2003. (ECF No. 13.)

Thereafter, the docket indicates that there was no activity in the case for two years, other than one letter from Plaintiff on February 17, 2004, continuing to assert that he was entitled to default judgment. (*See* ECF No. 14.) On September 9, 2005, the Court issued a notice of call for dismissal, directing Plaintiff to show good cause as to why the case has been inactive for more than 120 days. (*See* ECF No. 15.) A copy of the order sent by the clerk's office to Plaintiff was returned as undeliverable, apparently because Plaintiff had been released from incarceration and did not update his address. (*See* ECF No. 18.) When Plaintiff also failed to appear at the hearing for the notice of call, (ECF No. 16), the Court ordered the matter dismissed. (ECF No. 17.)

More than seven years later, without warning, Plaintiff filed a motion for entry of default on April 5, 2013. (ECF No. 20.) The Court denied the motion, stating that the case had already been dismissed for failure to prosecute. (ECF No. 21.) Plaintiff filed a motion for reconsideration, arguing that the original dismissal for lack of prosecution was in error, because Plaintiff had not received the notice of call for dismissal. (*See* ECF No. 22-3.) The case was subsequently transferred to the undersigned on March 13, 2014.

The Court granted Plaintiff's motion for reconsideration, finding cause to excuse Plaintiff's failure to respond to the notice of call. (ECF No. 24 at 3.) As a result, the Court vacated the dismissal, reopened the matter, and directed the U.S. Marshal to effectuate service upon Defendant. *Id.* Plaintiff again filed a motion to set aside the Court's latest order, arguing that the

Court's order to the U.S. Marshal for service was in error, because Defendant had already been personally served by Plaintiff when the Complaint was filed originally in the Eastern District of New York. (ECF No. 28.) In addition, Plaintiff renewed his request for default judgment. *Id.* The Court granted the motion in part, rescinding its order for service, but denied Plaintiff's request for default judgment, and ordered Defendant to file an answer. (ECF No. 32.)

Defendant responded to the Court's order by filing a Motion to Dismiss. (ECF No. 34.) Plaintiff opposed the motion, (ECF No. 35), and filed a cross-motion to amend the Complaint, (ECF No. 35-1). Subsequently, Plaintiff filed two additional motions, first an application for access to the law library, (ECF No. 37), then an "omnibus" motion for preliminary relief. (ECF No. 39.) These last four motions filed by the parties are the subject of the instant Opinion.

## II.  STANDARD OF REVIEW

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). On a motion to dismiss for failure to state a claim brought pursuant to Federal Rule of Civil Procedure 12(b)(6), a "defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005).

In determining the sufficiency of a *pro se* complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff." *Ashton v. City of Uniontown*, 459 F. App'x 185, 187 (3d Cir. 2012) (quoting *Morse v. Lower Merion School Dist.*,

132 F.3d 902, 906 (1997)). The Court need not, however, credit a plaintiff's "bald assertions" or "legal conclusions." *Id.* Rather, the court must disregard any conclusory allegations stated in the complaint. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). The court is also free to ignore factually unsupported accusations that merely state "the-defendant-unlawfully-harmed-me." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555). Once a court has identified the well-pleaded facts and ignored the conclusory allegations, it must next determine whether the "facts alleged in the complaint are sufficient to show that plaintiff has a 'plausible claim for relief.'" *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

Determining plausibility is a "context-specific task which requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. Plausibility, however, "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). In the end, facts which suggest only the "mere possibility of misconduct" fail to show that the plaintiff is entitled to relief. *Fowler*, 578 F.3d at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. DISCUSSION

#### A. Section 1915 Screening

Prior to addressing the parties' motions, the Court first screens the Complaint pursuant to 28 U.S.C. § 1915A. A plaintiff can pursue a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, to state a claim for relief under § 1983, a plaintiff must establish, first,

the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50-1 (1999); *Morrow v. Balaski*, 719 F.3d 160, 166-7 (3d Cir. 2013).

Plaintiff names only one defendant, Union County Correctional Facility, in this case. However, a county jail is not a "person" subject to suit under § 1983. *Boomer v. Lewis*, 541 F. App'x 186, 192 (3d Cir. 2013) ("PCCF, [a correctional facility,] to the extent Boomer was suing the facility, is not a 'person' within the meaning of 42 U.S.C. § 1983." (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)), *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Tremper v. Correct Care Solutions*, No. 13-3626, 2014 WL 320338, at *2 (D.N.J. Jan. 29, 2014); *Antoine v. Belleville Mun. Ct.*, No. 10-1212, 2010 WL 2989991, at *3 (D.N.J. July 27, 2010); *McLeod v. Monmouth Cnty. Corr. Inst.*, No. 05-4710, 2006 WL 572346, at *4 (D.N.J. Mar. 8, 2006). As Defendant is the only party sued in the Complaint, pursuant to § 1915A, the Court must dismiss the Complaint for failure to state a claim for which relief may be granted. Nonetheless, the Court will allow Plaintiff thirty (30) days to amend the Complaint to cure this defect only.

Because the Court is dismissing the Complaint, the Court denies Defendant's Motion to Dismiss as moot.

### B. Motion to Amend

In Plaintiff's motion to amend the Complaint, (ECF No. 35-1), Plaintiff seeks leave to file an amended complaint to add additional parties and to assert other claims. Since the Complaint is now 13 years old, Plaintiff is no longer entitled to amendments as a matter of right, *see* Fed. R. Civ. P. 15(a)(1), and the Federal Rules of Civil Procedure allow amendments "only with the

opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendant opposes the motion.

The Third Circuit has articulated the grounds under which a court may deny leave to amend under Rule 15(a)(2):

> Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility. "Futility" means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing "futility," the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). Accordingly, if a claim is vulnerable to dismissal under Rule 12(b)(6), but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency.

*Holst v. Oxman*, 290 F. App'x 508, 510 (3d Cir. 2008) (quoting *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000)). In Plaintiff's motion, Plaintiff identifies neither the additional parties nor the additional claims he wishes to add. Moreover, Plaintiff did not comply with L. Civ. R. 7.1(f), which requires a party, when filing a motion to amend a complaint, to "attach to the motion a copy of the proposed pleading or amendments and retain the original until the Court has ruled." As such, it is impossible for the Court to determine the validity, or the lack thereof, of the additional claims Plaintiff wishes to assert. Additionally, given that the Complaint is 13 years old, the Court is well within its discretion to deny any motions to amend simply for undue delay; Plaintiff could have sought to amend the existing complaint at any time during the last 13 years, but he did not do so until now.

Nevertheless, since the Court is allowing Plaintiff to amend the Complaint to cure Plaintiff's mistake in asserting claims against the wrong party, the Court grants Plaintiff's motion, but as stated above, *only* for the limited purpose of curing the defect identified. Plaintiff is not allowed to amend the Complaint to enlarge the scope of any claims already asserted, nor is Plaintiff

allowed to add any parties other than those directly responsible for the alleged acts already asserted in the Complaint. Any other amendments will be disregarded by the Court.

### C. Application for Access to the Law Library

Plaintiff also filed an application for access to the law library, requesting that the Court order the South Woods State Prison, where Plaintiff is currently confined, to increase his law library access. (ECF No. 37.) As Plaintiff is no longer incarcerated within Defendant's facilities, Defendant takes no position with regard to Plaintiff's application. (ECF No. 38.)

Prisoners have a right of access to the courts. *See Schreane v. Holt*, 482 F. App'x 674, 676 (3d Cir. 2012) (citing *Lewis v. Casey*, 518 U.S. 343 (1996)). That right includes the right to adequate access to law libraries for the purposes of preparing and filing meaningful legal papers. *See Bounds v. Smith*, 430 U.S. 817, 828 (1977); *Mitchell v. Wydra*, 377 F. App'x 143, 145 (3d Cir. 2010) (citing *Bounds*). In order to establish that his right to access had been violated, Plaintiff must demonstrate that: "(1) he suffered an 'actual injury' (*i.e.*, that he lost an opportunity to pursue a nonfrivolous claim); and (2) he has no other remedy . . . that can possibly compensate for the lost claim." *Schreane*, 482 F. App'x at 676 (citing *Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008)). In addition, the claim of denial "must describe the underlying arguable claim well enough to show that it is 'more than mere hope,' and it must describe the 'lost remedy.'" *Monroe*, 536 F.3d at 205–206 (citing *Christopher v. Harbury*, 536 U.S. 403, 416–17 (2002)).

Here, it is not clear from Plaintiff's application for what purpose Plaintiff needs additional access to the law library in this case. Plaintiff has already filed his response to the Motion, and there does not appear to be any other filings Plaintiff is required to make, currently or in the immediate future. Although Plaintiff asserts that he only has one hour per week to access the law

library, (ECF No. 37 at 1), that limitation does not appear to have hindered Plaintiff's ability to assert his claims in this case in any way. To the extent Plaintiff is worried that he will not have adequate access to the law library for future filings, Plaintiff can simply move for extensions of time to submit such filings at a later date. As such, Plaintiff has not demonstrated an "actual injury," or even a likelihood of imminent injury, that would necessitate the Court's intervention on this issue. Therefore, Plaintiff's application for access to the law library is denied.

To the extent that Plaintiff desires to assert civil rights claims against prison officials at South Woods State Prison for violations of his first amendment rights, "[p]ersons . . . may be joined in one action as defendants [only] if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P 20(a); *see also McDaniel v. Lanigan*, No. 12–3834, 2012 WL 5880371, at *3 (D.N.J. Nov. 21, 2012) (claims by prisoners are not exempt from Rules 18 and 20). As already explained, the claims currently asserted in the Complaint concern the conditions of Plaintiff's confinement at the Union County Correctional Facility, which are completely unrelated to any access to the courts claims against South Woods State Prison or its officials. Therefore, since the Court only grants Plaintiff leave to amend for the purpose of adding the proper defendant(s), and not to expand the scope of his claims nor assert new facts in support of those claims, Plaintiff must file a separate civil action to assert his access to the courts claims.

### D. "Omnibus" Motion

Lastly, the Court addresses the latest motion filed by Plaintiff, an "omnibus" motion for preliminary relief. (ECF No. 39.) Plaintiff again requests that the Court issue a preliminary injunction under Fed. R. Civ. P. 65, ordering prison officials to grant Plaintiff additional access to

the law library, a topic the Court addressed above. *Id.* at 1. "The primary purpose of preliminary injunctive relief 'is maintenance of the status quo until a decision on the merits of a case is rendered.'" *Fed'n of State Massage Therapy Bd. v. Acad. of Oriental Therapy, LLC*, No. 13-6317, 2013 WL 5888094, at *1 (D.N.J. Oct. 28, 2013) (quoting *Acierno v. New Castle Cnty.*, 40 F.3d 645, 647 (3d Cir. 1994)). Here, Plaintiff is not seeking to maintain the status quo; Plaintiff is seeking to change the status quo by requesting a court order to change his current access to the law library. Rule 65 motions may not be used for that purpose.

Furthermore, "[a] party seeking a preliminary injunction must establish the following: (1) a likelihood of success on the merits; (2) that he will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Geneva Coll. v. Sec'y U.S. Dep't of Health & Human Servs.*, 778 F.3d 422, 435 n.9 (3d Cir. 2015) (quoting *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004)). As the Court found above, Plaintiff has failed to establish actual injury from the alleged denial of access, so Plaintiff does not satisfy the elements required for preliminary relief.[1]

Although not directly related to the relief sought by Plaintiff, the balance of the motion appears to be Plaintiff asserting claims regarding (1) a sentence and conviction imposed against him by the State of New Jersey for crimes unrelated to the claims here, and (2) alleged civil rights violations by state officials, who are not defendants in the instant suit, for wrongful conviction. Indeed, the exhibits attached to the motion were all related to the criminal prosecution against Plaintiff. (*See* ECF No. 39-1.) These claims are wholly unrelated to Plaintiff's prison conditions

---

[1] Because the Court is denying Plaintiff's motion for a preliminary injunction, Plaintiff's request for waiver of security under Rule 65, (ECF No. 39 at 1), is moot.

claims against the Union County Correctional Facility. As such, the Court construes the balance of the motion as seeking leave to include additional claims and parties in this case. The Court addressed the issue of amendment above; for the reasons stated in that discussion, the Court denies Plaintiff leave to amend the Complaint except for the limited purpose of curing his failure to name a person subject to suit under § 1983. Moreover, the additional claims and parties raised in the omnibus motion do not arise out of the same transaction or occurrences as the claims already raised in the Complaint, nor do the additional claims share any common questions of law and/or fact with the current claims. As the Court explained above, Plaintiff must file a separate civil action to assert these claims. Accordingly, the omnibus motion is denied.

## IV.   CONCLUSION

For the reasons set forth above, the Complaint is DISMISSED WITHOUT PREJUDICE. Defendant's Motion to Dismiss is DENIED WITHOUT PREJUDICE as moot. Plaintiff's motion to amend the Complaint is GRANTED. Plaintiff's application for access to the law library and the omnibus motion are DENIED. Plaintiff is allowed thirty (30) days from the date of entry of the accompanying Order to amend the Complaint only for the limited purpose of curing the defect identified herein.

_____
**Claire C. Cecchi, U.S.D.J.**

Dated: September 23, 2015