**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL TAYLOR, | |
| Plaintiff, | Civil Action No. 02-0812 (CCC) |
| v. | **MEMORANDUM OPINION** |
| UNION COUNTY CORRECTIONAL FACILITY, | |
| Defendant. | |

**CECCHI, District Judge.**

This matter is before the Court on the Complaint of *pro se* Plaintiff Michael Taylor ("Plaintiff"), brought pursuant to 42 U.S.C. § 1983, asserting Defendant has violated his constitutional rights. The Court previously dismissed the Complaint for failure to state a claim upon which relief may be granted, but allowed Plaintiff thirty days to amend, but only to add additional defendant(s) since Plaintiff only asserted claims against a party not actionable under § 1983. (*See* ECF No. 40 at 5.) The Court is in receipt of Plaintiff's Amended Complaint. (*See* ECF No. 42.) As Plaintiff has been granted *in forma pauperis* status, per 28 U.S.C. § 1915(e), the Court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." It appearing:

1. Although the Court allowed Plaintiff to amend the Complaint only to raise claims against a proper party, nevertheless the Amended Complaint raises claims that are wholly unrelated to the original Complaint. The original Complaint raised claims regarding (1) conditions of

confinement; (2) lack of wages for work performed while in prison; and (3) lack of newspapers in prison. (*See* ECF No. 25 at 1.)

2. In the Amended Complaint, Plaintiff seems to have abandoned the conditions of confinement claim, but continues to assert the lack of wages and newspaper claims. (*See* ECF No. 42 at 2-3.) In addition, Plaintiff raises other claims regarding certain criminal sentencing that occurred on April 8, 2004. (*Id.* at 3.) Since the original Complaint was filed on February 25, 2002, these new claims clearly did not arise out of the same transaction or occurrence as the claims made in the original Complaint. As such, the new claims are above and beyond the scope of amendment that was allowed by this Court in its previous order and, therefore, will not be accepted by this Court. *See U.F.C.W Local 56 Health & Welfare Fund v. J.D.'s Mkt.*, 240 F.R.D. 149, 154 (D.N.J. 2007) (finding amendments that exceeded the scope of amendment allowed by the court may be stricken under Federal Rule of Civil Procedure 12(f) for failure to obtain leave to amend); *Hellauer v. NAFCO Holding Co., LLC*, No. 97-4423, 1998 WL 472453, at *3-4 (E.D. Pa. July 28, 1998) (same).

3. As to the wage and newspaper claims, in the Amended Complaint, Plaintiff asserts these claims against two new entities, Union County and Dow Jones & Co., as permitted by the Court's prior grant for leave to amend. With regard to the County, in order to hold a municipality liable, the plaintiff must identify an official custom or policy that caused a constitutional deprivation. *Caldwell v. Egg Harbor Police Dep't*, 362 Fed. App'x 250, 251-52 (3d Cir. 2010). "[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Id.* at 251 (quoting *Monell v. Dep't of Soc. Servs. of the City of N.Y., et al.*, 436 U.S. 658, 691 (1978)). Here, Plaintiff does not identify any specific policy or custom that caused the alleged deprivations.

4. With regard to claims against Dow Jones & Co., "[b]efore private persons can be considered state actors for purposes of section 1983, the state must significantly contribute to the constitutional deprivation, e.g., authorizing its own officers to invoke the force of law in aid of the private persons' request." *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 278 (3d Cir. 1999). Here, Plaintiff makes no such allegations against Dow Jones.[1]

5. Accordingly, the Court will dismiss the Amended Complaint without prejudice for failure to state a claim upon which relief may be granted. Plaintiff has thirty days to file a second amended complaint. If Plaintiff does not timely file a second amended complaint this action will be dismissed with prejudice.

Claire C. Cecchi, U.S.D.J.

Dated: January 29, 2016

---

[1] In Count Six of the Amended Complaint, Plaintiff "demands that a writ of mandamus be issued to compel Dow Jones to perform the discretionary duty of publishing an article within the Wall Street Journal concerning Plaintiff's proposed self-underwritten initial public offering of stock securities." (ECF No. 42 at 5.) The Court cannot not see the relevance of this demand to any of the causes of action that Plaintiff seeks to assert, nor does Plaintiff provide any legal basis regarding the Court's authority or jurisdiction to issue such writ. As such, the Court finds Count Six meritless.